**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

**BENJAMIN GARROW,** *also known as Benjaman*
*Garrow,*

**Petitioner,**

    **vs.**                              **9:18-CV-981**
                                         **(MAD/TWD)**

**SUPERINTENDENT,**

**Respondent.**

_____

**APPEARANCES:**                        **OF COUNSEL:**

**BENJAMIN GARROW**
**12-A-5393**
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, New York 12051
Petitioner *pro se*

**OFFICE OF THE NEW YORK**        **LISA E. FLEISCHMANN, AAG**
**STATE ATTORNEY GENERAL**
New York Office
28 Liberty Street
New York, New York 10005
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

**ORDER**

Petitioner Benjamin Garrow ("Petitioner") commenced this action *pro se* pursuant to 28

U.S.C. § 2254, seeking a writ of habeas corpus claiming his 2012 New York State guilty plea and

subsequent conviction should be set aside due to constitutional violations. *See* Dkt. No. 1.

Petitioner sets forth several grounds for relief including the legality of the evidence utilized in his

prosecution, and the presence of judicial bias. Specifically, Petitioner argues he is entitled to

habeas relief because: (1) the victim was thirteen years old at the time of the crime; (2) the

1

presiding judge was biased because he concluded Petitioner committed rape before he was indicted; (3) DNA evidence was improperly obtained; and (4) the District Attorney obtained the victim's statement without her parent's consent. *See* Dkt. No. 1 at 1.

On April 22, 2021, Magistrate Judge Dancks issued a Report-Recommendation and Order recommending that the Court deny and dismiss the petition. *See* Dkt. No. 27 at 13. Specifically, Magistrate Judge Dancks found Petitioner failed to exhaust all of his claims in state court prior to bringing forth the instant suit. Alternatively, Magistrate Judge Dancks recommended dismissing the unexhausted claims with prejudice because they are "unquestionably meritless" and denying habeas relief for the singular exhausted claim of the trial court's alleged bias. *See* Dkt. No. 27 at 6-12.

Having carefully reviewed the April 22, 2021 Report-Recommendation and Order, the parties' submissions and the applicable law, the Court finds that Magistrate Judge Dancks correctly determined that the petition must be denied and dismissed with prejudice.

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).

Here, Petitioner's objection asks the court to "reconsider" his petition but does not specify further. Thus, this Court will review Magistrate Judge Order and Report Recommendation for clear error. After the appropriate review, "the court may accept, reject, or modify, in whole or in

part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

Prior to seeking federal habeas relief, a petitioner must exhaust available state remedies or establish either an absence of available state remedies or that such remedies cannot adequately protect his rights. *See Aparicio v. Artuz*, 269 F.3d 78, 89 (2d Cir. 2001) (quoting 28 U.S.C. § 2254(b)(1)). In order to properly exhaust a claim relying on errors or omissions apparent from the trial record or pretrial proceedings, a petition must raise those errors or omissions on direct appeal to the appellate division and then seek leave to appeal to the Court of Appeals. *See Moore v. Attorney Gen. of N.Y.*, No. 17-cv-474, 2019 WL 3717580, *7 (E.D.N.Y Aug. 7, 2019) (citation omitted).

In the instant case, as Magistrate Judge Dancks correctly found, three of Petitioner's claims are plainly unexhausted. Though Petitioner raised the argument of the victim's age in an unfiled N.Y. C.P.L. § 440.10 motion, he failed to renew or seek appellate review of the issue. *See* Dkt. No. 27 at 7. Petitioner never raised any issue pertaining to the State's collection of DNA evidence, or the victim's statement. *Id.* Petitioner does not establish the absence of available state remedies, or that such remedies could not adequately protect his rights. Thus, because appellate review has not been sought for the claim of the victim's age, and Petitioner never raised the issues of DNA evidence collection or the victim's statement, the Court finds Petitioner failed to exhaust three of his four claims.

A mixed petition containing both unexhausted and exhausted claims is generally dismissed without prejudice to refiling another habeas corpus action following the exhaustion of all claims. *See Slack v. McDaniel*, 529 U.S. 473, 496 (2000). However, the Court is within its right to consider whether the unexhausted claims are unquestionably meritless and dismiss the petition without prejudice. *See Keating v. N.Y.*, 780 F. Supp. 2d 292, 299 n.4 (E.D.N.Y. 2010).

3

(citations omitted). Here, as Magistrate Judge Dancks correctly found, the unexhausted claims are "unquestionably meritless". *See* Dkt. No. 27 at 8. First, Petitioner's claim that the victim was thirteen at the time of the crime is incorrect. Petitioner admitted to raping Jane Doe between November 1, 2008 and December 31, 2008, during which time she was indisputably under thirteen years old. Second, Petitioner forfeited his ability to challenge the age of Jane Doe, the methods DNA by which evidence was obtained, and Jane Doe's statement because of his guilty plea. *See Blackledge v. Perry*, 94 S. Ct. 2098 (1974). Thus, because these claims have already been either disproven, or forfeited by Petitioner, the Court finds the claims pertaining to the victim's age, DNA evidence, and victim's statement unquestionably meritless to be dismissed with prejudice.

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing this deferential standard, the Second Circuit noted in *Rodriguez v. Miller*, 439 F.3d 68 (2d Cir. 2006), *cert. granted, judgment vacated and case remanded on other grounds by*, 549 U.S. 1163 (2007), that:

> a federal court may award habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States", or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* at 73 (quoting 28 U.S.C. § 2254(d)) (footnote omitted); *see also DeBerry v. Portuondo*, 403 F.3d 57, 66 (2d Cir. 2005) (quotation omitted); *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003) (quotation omitted). In providing guidance concerning the application of this test, the Second Circuit has observed that:

> a state court's decision is "contrary to" clearly established federal
> law if it contradicts Supreme Court precedent on the application of
> a legal rule, or addresses a set of facts "materially indistinguishable"
> from a Supreme Court decision but nevertheless comes to a
> different conclusion than the Court did. [*Williams v. Taylor*, 529
> U.S. 362,] 405-406, 120 S. Ct. 1495 [(2000)]; *Loliscio v. Goord*,
> 263 F.3d 178, 184 (2d Cir. 2001). . . . [A] state court's decision is an
> "unreasonable application of " clearly established federal law if the
> state court "identifies the correct governing legal principle from [the
> Supreme] Court's decisions but unreasonably applies that principle
> to the facts" of the case before it.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d

147, 152 (2d Cir. 2001) (citation omitted).

Significantly, a federal court engaged in habeas review is not charged with determining

whether a state court's determination was merely incorrect or erroneous, but instead whether such

determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2009); *see*

*also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted). Courts have

interpreted "objectively unreasonable" in this context to mean that "some increment of

incorrectness beyond error" is required for the habeas court to grant the application. *Earley v.*

*Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quotation omitted).

To prevail on a claim of judicial bias, a petitioner must demonstrate he did not receive a

trial by an unbiased and impartial judge without a direct personal interest in the outcome of the

hearing. *Bracey v. Granket*, 580 U.S. 899, 904 (1997) (quotation omitted). Moreover, "[m]ere

allegations of judicial bias or prejudice do not state a due process violation." *Brown v. Doe*, 2 F.3d

1236, 1248 (2d Cir. 1993).

In this case, Magistrate Judge Dancks was correct in finding Judge Lawliss' presiding over

both Petitioner's related family court matter and criminal proceeding did not make Judge Lawliss

biased within the meaning of federal law. Judge Lawliss made it explicitly clear his findings in

family court did not necessarily implicate criminal charges. Furthermore, similarly to the

unexhausted claims, Petitioner forfeited the ability to make a claim of judicial bias when he entered into a guilty plea. Thus, the Court denies granting habeas relief on this ground.

28 U.S.C. § 2253(c)(1) provides that "[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from – (A) the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court[.]" Rule 22 of the Federal Rules of Appellate Procedure also provides that an appeal may not proceed in such actions "unless a circuit justice or a circuit or district judge issues a certificate of appealability under 28 U.S.C. § 2253(c)." Fed. R. App. P. 22(b)(1). 28 U.S.C. § 2253(c)(1). A court may only issue a Certificate of Appealability "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). As Petitioner has failed to make such a showing with regard to any of his claims, the Court declines to issue a Certificate of Appealability in this matter. *See Hohn v. United States*, 524 U.S. 236, 239-40 (1998) (quotation omitted).

After carefully considering Magistrate Judge Dancks Report-Recommendation and Order, Plaintiff's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' Report-Recommendation and Order (Dkt. No. 27) is **ADOPTED in its entirety** for the reasons set forth herein; and the Court further

**ORDERS** that the petition for a writ of habeas corpus (Dkt. No. 1) is **DENIED and DISMISSED**; and the Court further

**ORDERS** that no certificate of appealability shall be issued with respect to any claims set forth in the petition because Petitioner has not made "a substantial showing of the denial of a constitutional right" pursuant to 28 U.S.C. § 2253(c)(2); and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on the parties in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: June 22, 2021
      Albany, New York

Mae A. D'Agostino
U.S. District Judge